IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01995-PAB-CBS

LASERCYCLE USA, INC., a Colorado Corporation,

    Plaintiff,

v.

ALAN L. BALCOURT,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIM**

---

This matter is before the Court on the Unopposed Motion to Dismiss Claim Against Defendant for Violation of the Computer Fraud and Abuse Act [Docket No. 3] and Motion for Remand [Docket No. 4] filed by plaintiff LaserCycle USA, Inc. ("LaserCycle"). Plaintiff requests that the Court dismiss its Computer Fraud and Abuse Act ("CFAA") claim against defendant Alan L. Balcourt and remand this case to the District Court for Boulder County, Colorado.

**I. BACKGROUND**

On July 11, 2011, LaserCycle filed a complaint in the District Court for Boulder County, Colorado. In its complaint, LaserCycle sought relief against defendant for: (1) breach of contract; (2) violation of the Colorado Uniform Trade Secrets Act, Colo. Rev. Stat. §§ 7-74-101, *et seq.*; (3) breach of fiduciary duty; and (4) violation of CFAA, 18 U.S.C. § 1030. On July 21, 2011, the court granted LaserCycle's motion for preliminary

injunction against Balcourt, whereupon Balcourt removed the case to this Court based on federal question jurisdiction. Docket No. 3 at 2.

LaserCycle seeks to dismiss the CFAA claim because it has secured a preliminary injunction and no longer wishes to pursue the alternative remedy available under CFAA. Docket No. 3 at 2. LaserCycle asserts that, without the CFAA claim, the Court lacks jurisdiction over the pendent state law claims because the parties are not diverse. *Id*. Balcourt does not object to the dismissal of the CFAA claim. *Id*.

## II. ANALYSIS

LaserCycle seeks to dismiss its CFAA claim pursuant to Rule 41(a)(2). However, the Court finds that Rule 41(a) is inapplicable under the circumstances. Although there is no controlling decision of the Tenth Circuit, the weight of authority from other circuits is that Rule 41(a) governs dismissal of all claims against a defendant and does not allow for piecemeal dismissals. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint . . . [instead, we agree with two of our sister circuits] that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism"); *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-88 (9th Cir. 2005); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977); *Southcrest, L.L.C. v. Bovis Lend Lease, Inc.*, 2011 WL 1793388, at *3 (N.D. Okla. May 11, 2011). As a general rule, courts have found no meaningful distinction between a unilateral dismissal under Rule 41(a)(1) and a dismissal with judicial consent

under Rule 41(a)(2) in this context. *See Hells Canyon*, 403 F.3d at 688. In cases where a plaintiff has attempted to use the Rule 41 mechanism to dismiss fewer than all claims against a defendant, courts convert the faulty Rule 41 motion into a Rule 15 motion to amend. *Southcrest,* 2011 WL 1793388, at *4; *see e.g., Mechmetals Corp. v. Telex Comp. Prods., Inc.,* 709 F.2d 1287, 1294 (9th Cir. 1983) ("it is immaterial whether the court acts pursuant to Rule 15(a) or Rule 41(a)(2)"); *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010).

Based on these principles, the Court analyzes plaintiff's motion under the standards applicable to a Rule 15 motion. Rule 15(a) provides that, "after a responsive pleading has been served, a party may amend its pleading 'only by leave of court or by written consent of the adverse party,'" and "leave shall be freely given when justice so requires." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); Fed. R. Civ. P. 15(a). Rule 15 instructs that courts should grant amendments in the absence of undue delay, prejudice, futility, or bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the present case, the Court finds no reason to deny plaintiff's amendment to dismiss its CFAA claim against defendant. There has been no undue delay, prejudice or dilatory motive on behalf of plaintiff, and defendant does not oppose plaintiff's motion. However, contrary to plaintiff's assertion, the removal of plaintiff's CFAA claim does not necessarily prevent this Court from exercising jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(c)(3), the Court has discretion to exercise jurisdiction over pendent state law claims. As a general proposition, "[p]endent

jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants." *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997). In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" *Id.* (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)). The reason courts should dismiss such claims is that "'[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

A court's exercise of discretion, it would seem, is limited to determining whether compelling reasons justify retaining jurisdiction. *See Brooks*, 614 F.3d at 1229 (reaffirming that courts have discretion to determine whether to exercise supplemental jurisdiction pursuant to § 1367(c)(3), but reversing the district court's granting of summary judgment on state law claims); *Endris v. Sheridan County Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed*.*" ); *but see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (district court "should consider 'the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction'" when determining whether to exercise supplemental jurisdiction).

Where, as here, federal claims have been dismissed well before trial, plaintiff has already secured a preliminary injunction in state court, and defendant does not challenge the dismissal of the only federal claim, the Court declines to exercise supplemental jurisdiction over the pendent state law claims.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion to Dismiss Claim Against Defendant for Violation of the Computer Fraud and Abuse Act [Docket No. 3] is **CONVERTED** into a Rule 15 Motion to Amend and **GRANTED**.  It is further

**ORDERED** that plaintiff's Motion for Remand [Docket No. 4] is **GRANTED**.  It is further

**ORDERED** that this matter shall be remanded to the District Court for Boulder County, Colorado, where it was filed as Case No. 2011CV722.

DATED November 3, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge